UNITED STATES BANKRUPTCY COURT
WESTERN DISTRCIT OF VIRGINIA

|  |  |  |
|---|---|---|
| In Re: <br>    AMANDA LEIGH RATCLIFFE <br>             Debtor | * * * * * | CHAPTER 13 <br> CASE NO.: 20-70432 |
| AMANDA LEIGH RATCLIFFE <br>            Plaintiff, <br> v. <br> LIBERTY UNIVERSITY, INC. <br>            Defendant <br> Serve <br>    David M. Corry, Reg. Agent <br>    Liberty University, Inc. <br>    1971 University Blvd. <br>    Lynchburg, VA 24502 | * * * * * * * * * * * * | COMPLAINT TO DETERMINE <br> DISCHARABILITY <br><br> AP: |

TO THE HONORABLE PAUL M. BLACK:

Comes now Amanda Leigh Ratcliffe, plaintiff herein, by counsel, and moves for a declaratory judgment determining the debtor/plaintiff's debt owed to Liberty University is eligible for discharge as it is not entitled a discharge exception under 11 USC § 1328 or 11 USC § 523(a)(8), and as grounds therefore states:

1. This is an adversary proceeding brought pursuant to Bankruptcy Rule 7001(6) and 7001(9) to determine the dischargeabilty of a debt and seeking a declaratory judgement upon the issue.

2. This Court has jurisdiction of this proceeding pursuant to section 1334 of title 28 of the United States Code.

3. This adversary proceeding constitutes a core proceeding as defined in title 28 U.S.C. § 157(b)(2).

4. This is a complaint by a consumer debtor against an educational institution to determine the dischargeabilty of a debt owed by the debtor to the educational institution.

5. Plaintiff is the debtor in the above styled bankruptcy proceeding. She filed a Chapter 13 bankruptcy petition on April 16, 2020.

6. One of the debts owed by the plaintiff and listed on Schedule F is liability for tuition and fees owed to Liberty University.

7. The debtor did not <u>receive</u> a loan, did not <u>receive</u> an educational benefit overpayment, or did not actually <u>receive</u> funds from Liberty University.

8. No loan was made by Liberty University to the debtor.

9. The liability is based upon unpaid tuition and fees.

10. As such, her liability to Liberty University does not fall under the discharge exception of 11 USC sec. 523(a)(8).

11. The debtor seeks a declaratory judgment that the debt owed to Liberty University is a dischargeable liability.

Wherefore, plaintiff prays this court enter an order declaring the debt owed by the debtor to Liberty University Inc. is dischargeable, and for such further relief as may be just.

Respectfully Submitted:

AMANDA LEIGH RATCLIFFE

BY:*/s/* Heather R. Parsons
    Counsel

Heather Renae Parsons
VSB Number 85108
Giles & Lambert, PC
P.O. Box 2780
Roanoke, VA 24001
540-981-9000
hparsons@gileslambert.com